NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORRIS BROOKS, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Civil Action No. 18-0647 (CCC) <br><br> **MEMORANDUM OPINION** |

This matter has come before the Court on a civil rights Complaint filed by *pro se* Plaintiff Norris Brooks pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis*, (*see* ECF No. 5), the Court must screen the Complaint to determine whether the case shall be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having completed this screening, for the reasons stated below, the Complaint is dismissed with prejudice.

The Complaint names the Department of Homeland Security ("DHS") and the Essex County Correctional Facility ("ECCF") as defendants. However, DHS cannot be sued under *Bivens* due to sovereign immunity. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (finding that a plaintiff's only remedy in a *Bivens* action "lies against [an] individual"); *Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir. 1979) (finding that *Bivens* does not authorize suits against the government itself); *Dippolito v. United States*, No. 13-0175, 2015 WL 9308238, at *3 (D.N.J.

Dec. 21, 2015) (finding that federal agencies are not amendable to suit under *Bivens*). Likewise ECCF is not a "person" amendable to suit under § 1983. *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) ("PCCF, [a correctional facility,] to the extent Boomer was suing the facility, is not a 'person' within the meaning of 42 U.S.C. § 1983") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Stathum v. Nadrowski*, No. 15-5502, 2016 WL 7411428, at *4 (D.N.J. Dec. 22, 2016); *Tremper v. Correct Care Solutions*, No. 13-3626, 2014 WL 320338, at *2 (D.N.J. Jan. 29, 2014); *Antoine v. Belleville Mun. Ct.*, No. 10-1212, 2010 WL 2989991, at *3 (D.N.J. July 27, 2010). Accordingly, the Complaint fails to state a claim upon which relief may be granted, and is dismissed with prejudice.[1]

Date:

Claire C. Cecchi, U.S.D.J.

---

[1] The Court cautions Plaintiff that repeated attempts to raise meritless claims while proceeding *in forma pauperis* may be construed as an abuse of process, and may result in severe restrictions to Plaintiff's ability to proceed *in forma pauperis* in the future. *See Aruanno v. Davis*, 679 F. App'x 213 (3d Cir. 2017) (affirming the district court's adoption of the three-strike rule to non-prisoner *pro se* plaintiff under extraordinary circumstances).

2